<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **ALLEN JEFFREY SATZ,** | |
| **Plaintiff,** | **Civil Action No. 25-16567 (SDW) (JSA)** |
| v. | |
| **AVA RENEE SATZ,** | |
| **Defendant.** | **REPORT AND RECOMMENDATION** |

<u>**JESSICA S. ALLEN, U.S.M.J.**</u>

This matter comes before the Court upon the November 19, 2025 Order to Show Cause directing *pro se* Plaintiff Allen Jeffrey Satz to explain why the Court should not dismiss this case for lack of subject matter jurisdiction. (ECF No. 6). Plaintiff responded to the Order to Show Cause. (ECF No. 7).[1] Having reviewed Plaintiff's submission, for the reasons set forth below, and for good cause shown, the Undersigned concludes that the Court lacks subject matter jurisdiction over this case and respectfully recommends that the case be **DISMISSED**.

I.    <u>**RELEVANT BACKGROUND**</u>

Plaintiff filed this action on October 9, 2025. (ECF No. 1). Based on his operative Amended Complaint (ECF No. 4), the Court gleans the following pertinent facts. In October 2020, Plaintiff and Defendant, Ava Renee Satz, signed a Marital Settlement Agreement ("MSA") to appear before a religious court, known as a *beis din*, for divorce proceedings pursuant to Jewish religious law. (*Id.*, ¶¶ 8-9). The parties executed an arbitration agreement submitting their case to the New City Beis Din. (*Id.*, ¶ 9). Subsequently, Defendant filed a motion to confirm the New

---

[1] The Court's review of the official docket confirms that Defendant has not been served in this action and, thus, did not file any reply to Plaintiff's submission.

City Beis Din's arbitration ruling in the Superior Court of New Jersey, Family Part. (*Id.*, ¶ 19). Plaintiff opposed the motion, alleging that the arbitration proceeding violated the MSA and arbitration agreement and alleged that the documents had been forged. (*Id.* ¶¶ 10-19). After the court granted Defendant's motion to confirm (*id.*, ¶ 19), Plaintiff filed a motion to vacate the arbitration ruling (*id.*, ¶¶ 28-31). The court denied Plaintiff's motion, and the denial was affirmed on direct appeal. (*Id.*, ¶¶ 32-33, 35). Separately, state courts also dismissed Plaintiff's lawsuits against third parties who allegedly violated his constitutional rights in connection with the arbitration. (*Id.*, ¶¶ 37-38). Thereafter, Plaintiff filed the instant action, asserting numerous federal civil rights and state common law claims arising from Defendant's conduct in connection with the *beis din* proceedings and various court proceedings that followed. (*See* ECF No. 1).

After reviewing the Amended Complaint, the Court entered an Order to Show Cause on November 19, 2025, directing Plaintiff to explain why the Court should not dismiss his case for lack of subject matter jurisdiction. (ECF No. 6). The November 19th Order raised concerns under the *Rooker-Feldman* doctrine. (*Id.* at 2). Specifically, the Court noted that the Amended Complaint "alleges, among other things, that New Jersey judges misapplied the law during [Plaintiff's] state court proceedings." (*Id.* at 3). Plaintiff responded to the Order to Show Cause on November 23, 2025. (ECF No. 7).

In his November 23rd response, Plaintiff argues that the *Rooker-Feldman* doctrine does not bar this Court from hearing his case because he does not seek appellate review or "reversal" of the state court rulings. (ECF No. 7 at 2).[2] Rather, he seeks relief from Defendant's actions. (*Id.* at

---

[2] Because ECF No. 7 is unpaginated, the Court takes the page numbers from the banner generated by the CM/ECF system.

3).  Specifically, Plaintiff argues that his injuries, which are ongoing,[3] arise from Defendant using a "false document"—the *beis din* arbitration ruling—to "have [him] sanctioned in state court." (*Id.* at 3).  According to Plaintiff, the arbitration ruling contains "a forged signature" and false statements by the arbitrator.  (*Id.* at 4-5).  Plaintiff argues these defects, along with the arbitration proceeding's procedural departures from the MSA and arbitration agreement, should have rendered the *beis din*'s ruling void.  (*Id.* at 6-8).

## II.    LEGAL STANDARD

Federal courts may raise questions of subject matter jurisdiction *sua sponte* at any time. *See, e.g., Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002). Here, the Court must address whether it may hear this case under the *Rooker-Feldman* doctrine. *See Burrell v. Staff*, 60 F.4th 25, 33 (3d Cir. 2023) (requiring courts to raise the *Rooker-Feldman* doctrine *sua sponte* in cases where the court believes it might apply).

The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine is triggered when: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159,

---

[3] Plaintiff submitted supplemental letters to the Court on January 13, 2026 (ECF No. 8) and March 7, 2026 (ECF No. 9), alleging that he continues to suffer financial and emotional harm following the *beis din* arbitrator's decision.

166 (3d Cir. 2010) (citation modified).

## III.    **DISCUSSION**

Plaintiff does not dispute that the New Jersey Family Part issued final judgments confirming the arbitration ruling (ECF No. 4 ¶ 19) and denying his motion to vacate, (*id.*, ¶ 32), and that the denial was affirmed on direct appeal (*id.*, ¶¶ 33-35). Plaintiff also does not dispute that the appellate court issued its opinion in July 2025, (*id.*, ¶ 33), before he initiated the instant federal action on October 9, 2025 (*see* ECF No. 1). Accordingly, the Court finds the first and third elements of *Rooker-Feldman* are met. *See Great W. Mining*, 615 F.3d at 166. The Court next turns to address the second and fourth elements, which "are closely related." *Id.* at 168.

Dismissal under *Rooker-Feldman* requires that a plaintiff's injury "actually be 'produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (quoting *Great W. Mining*, 615 F.3d at 167). Put differently, the plaintiff must allege "a legal error committed by the state court" itself. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). Courts examine whether the plaintiff in fact complains of acts committed by the defendant in state court, or whether the wrongly decided "state-court judgment itself was the source of the [alleged] injury." *Great W. Mining*, 615 F.3d at 166-67. District courts lack jurisdiction "[i]f the relief requested in the federal action requires determining that the state court's decision is wrong or would void the state court's ruling." *ITT Corp. v. Intelnet Int'l Corp.*, 366 F.3d 205, 211 (3d Cir. 2004) (citation omitted). In other words, *Rooker-Feldman* does not apply if the federal court can resolve the plaintiff's federal claims without "review[ing] the merits of the [underlying state court] decision" or "reconsider[ing] the legal conclusion reached by the state court." *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue (In re Phila. Entm't & Dev. Partners, LP)*, 879 F.3d 492, 501-02 (3d Cir. 2018).

But even if a federal plaintiff "was injured by a state-court judgment," they might not necessarily seek "review and rejection of that judgment." *Great W. Mining*, 615 F.3d at 168. The *Rooker-Feldman* doctrine is limited to cases where plaintiffs call on "lower federal courts" to "exercis[e] appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "This condition is satisfied" if a plaintiff asks the district court to undo the state court's judgment or "determine whether [the state court] reached its result in accordance with law." *Merritts v. Richards*, 62 F.4th 764, 777 (3d Cir. 2023) (quoting *Great W. Mining*, 615 F.3d at 169).

Based on its review of the Amended Complaint and response to the Order to Show Cause, the Court finds that Plaintiff "profess[es] to complain of injury by [Defendant], but actually complain[s] of injury produced by" the state court decisions. *Todd v. U.S. Bank Nat'l Ass'n*, 685 F. App'x 103, 106 (3d Cir. 2017) (citation omitted). Plaintiff attempts to attribute his injuries to Defendant's production of the allegedly invalid arbitration ruling during the state court proceedings. (ECF No. 7 at 3). However, this argument contradicts the Amended Complaint, which repeatedly alleges "the court" or "the judges" in the state court proceedings made legal errors. (ECF No. 4 ¶¶ 51-52, 58, 60, 77). Even where Plaintiff frames his injuries as constitutional or tort claims against Defendant, the Court finds that the claims asserted in the Amended Complaint all either rely on issues that Plaintiff previously raised in his unsuccessful motion to vacate, and thus in essence are challenging the state court's rulings (*see, e.g.*, *id.*, ¶¶ 51-52, 62-70, 75, 79), or are premised from the outset on arguing that the arbitration ruling should be deemed invalid (*see, e.g.*, *id.*, ¶¶ 54, 56-60, 72, 77, 81, 83, 88). For instance, Plaintiff specifies statutes, court rules, and binding case law that the New Jersey courts allegedly "ignored" when upholding the arbitration ruling. (*Id.*, ¶¶ 28-34; ECF No. 7 at 7-8).

Given that Plaintiff's claims all involve the arbitration ruling's validity, the Court finds that

this action calls for "effectively rejecting and overruling" the state courts' final determination that the arbitration ruling was valid. *King v. Burr*, 728 F. App'x 83, 85-86 (3d Cir. 2018). The *Rooker-Feldman* doctrine bars this Court from doing so. *Great W. Mining*, 615 F.3d at 169.

Based on the foregoing, the Court finds this case meets all four elements of the *Rooker-Feldman* doctrine. Therefore, the Court respectfully recommends that the case be **DISMISSED** for lack of subject matter jurisdiction.

## IV.    CONCLUSION

For the reasons set forth above, it is respectfully recommended that this case be **DISMISSED** for lack of subject matter jurisdiction. The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they have fourteen (14) days after receiving a copy of this Report and Recommendation to serve and file any specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Further, it is **ORDERED** that the Clerk of Court shall activate this Report and Recommendation for the District Court's review and send a copy of this Report and Recommendation to the parties by regular U.S. mail.

s/Jessica S. Allen
**Hon. Jessica S. Allen**
**United States Magistrate Judge**

**Dated: March 20, 2026**

cc:  Hon. Susan D. Wigenton, U.S.D.J.

6