**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALLEN JEFFREY SATZ,<br><br>Plaintiff,<br><br>v.<br><br>AVA RENEE SATZ,<br><br>Defendant. | Civil Action No. 25-16567 (SDW) (JSA)<br><br>**OPINION**<br><br>April 8, 2026 |

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation dated March 20, 2026, by Magistrate Judge Jessica S. Allen (D.E. 10 ("R&R")) recommending dismissing Plaintiff Allen Jeffrey Satz's ("Plaintiff") Amended Complaint (D.E. 4 ("Am. Compl.")) for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Plaintiff objected to the R&R (D.E. 11 ("Obj.")), and Defendant did not respond to the objection.[1] Upon reviewing the R&R and objection, this Court **ADOPTS** Judge Allen's R&R.

On October 9, 2025, Plaintiff initiated this lawsuit and then filed a subsequent Amended Complaint on October 23, 2025. (D.E. 4.) The Amended Complaint alleges several constitutional violations and state law claims premised on the parties' previous divorce proceedings and state court actions. (*See* Am. Compl. *generally*.) On November 19, 2025, Judge Allen entered an Order to Show Cause directing Plaintiff to explain why the *Rooker-Feldman* doctrine does not deprive

---

[1] Plaintiff has not served Defendant in this action, and thus, Defendant did not file any response to Plaintiff's objection.

1

this Court of subject matter jurisdiction.  (D.E. 6.)  On November 23, 2025, Plaintiff responded to the Order to Show Cause arguing that the *Rooker-Feldman* doctrine does not apply because he does not seek appellate review or reversal of the state courts' rulings.  (D.E. 7 at 2.)

The R&R concludes that the matter should be dismissed due to a lack of subject matter jurisdiction.  (R&R at 4–6.)  Under Federal Rule of Civil Procedure 72(b)(3), a district judge "must determine de novo any part of [a] magistrate judge's disposition that has been properly objected to."  *See also* 28 U.S.C. § 636(b)(1).  Plaintiff timely objected to Judge Allen's R&R.  (D.E. 11.)

## I.    DISCUSSION

Under the *Rooker-Feldman* doctrine, federal courts do not have the subject matter jurisdiction to review final judgments of state courts.  *Puche v. Wells Fargo NA*, 256 F. Supp. 3d 540, 545 (D.N.J. 2017).  The *Rooker-Feldman* doctrine is implicated where, in order to grant the relief sought by a plaintiff, a federal court must determine that a state court judgment was erroneously entered or must take action that would render that state court judgment ineffectual. *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996); *see also Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010) (stating that the *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies "that are essentially appeals from state-court judgments").  The Third Circuit has recognized that the *Rooker-Feldman* doctrine does not apply when a party is not injured by a state-court judgment but rather by independent torts committed to obtain them.  *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014)

Here, the Court finds no issue with the R&R's conclusion that the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction.  In his objection, Plaintiff argues that the *Rooker-Feldman* doctrine does not apply because he was injured by Defendant's fraudulent

conduct, which was never litigated by the state courts.  (Obj. at 4.)  However, this claim is contradicted by the Amended Complaint.  Plaintiff alleges that he raised the issue of fraud and challenged the validity of the arbitration agreement, but the state court still affirmed the arbitration ruling.  (Am. Compl. ¶ 19.)  This decision was then upheld on direct appeal.  (*Id.* at ¶¶ 33–35.)  Furthermore, the crux of Plaintiff's claims rests on his assertion that the arbitration ruling should be deemed invalid.  As such, the R&R correctly highlights that Plaintiff is essentially challenging the validity of the arbitration ruling, which effectively calls for this Court to reject and overrule the state courts' determination that the arbitration ruling was valid.[2]  Therefore, the *Rooker-Feldman* doctrine applies.

## II.    **<u>CONCLUSION</u>**

Accordingly, this Court **ADOPTS** Judge Allen's R&R, and Plaintiff's Amended Complaint is **DISMISSED**.  An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties

---

[2] Furthermore, Plaintiff's Amended Complaint and his objection to the R&R references several issues that Plaintiff claims were ignored by the state courts or legal errors committed by the state courts.

3